Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial[1]

| EDWIN FRANQUI MARRERO<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurrida | TA2026RA00187 | *Revisión Judicial* procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>Caso:<br>ICSH-46-26<br><br>Sobre:<br>Liquidación de Sentencia |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

El Sr. Edwin Franqui Marrero (señor Franqui Marrero o recurrente), quien es miembro de la población penal, comparece *pro se* y en *forma pauperis*, a través de un recurso de *revisión judicial*, solicitando la revocación de una resolución administrativa (*Respuesta)* emitida por el Departamento de Corrección y Rehabilitación (DCR, la agencia o recurrido) el 13 de enero de 2026, notificada el 23 de enero de 2026.[2] Mediante dicho dictamen administrativo el DCR reiteró su orientación al recurrente sobre su hoja de liquidación de sentencia y referido a la Junta de Libertad Bajo palabra (JLBP).

Por los fundamentos que expondremos a continuación, se confirma la determinación recurrida.

---

[1] Mediante Orden Administrativa DJ-2025-063B emitida el 20 de abril de 2026 se enmendó la composición de los paneles.
[2] Apéndice del recurso de revisión, Entrada Núm. 3, págs. 16-17.

## I. Resumen del tracto procesal

Según obra en el expediente, el 1 de febrero de 2000, el Tribunal de Primera Instancia, Sala Superior de Mayagüez, sentenció al señor Franqui Marrero a pena de reclusión de noventa y nueve (99) años por asesinato en primer grado y sesenta (60) años por secuestro agravado, conforme al Código Penal de 1974.[3] El foro sentenciador determinó que las penas se cumplirían de manera concurrente.

Pasado un tiempo, el 27 de septiembre de 2023, el DCR refirió el caso del señor Franqui Marrero para evaluación de la Junta de Libertad Bajo Palabra (JLP). Como resultado, la JLP le requirió al DCR que remitiera una *Certificación de delito excluyente conforme a la Ley Núm: 85-2024*. En cumplimiento, el 15 de enero de 2025, el DCR emitió la certificación correspondiente, indicando lo que sigue:

[...]

- Certifico que el confinado EDWIN FRANQUI MARRERO según se desprende del expediente criminal el delito de Secuestro será cumplido el día 20 de marzo de 2054.
- En su liquidación de sentencia actualmente [é]l est[á] cumpliendo por el Art. 83 Asesinato en Primer Grado con una Sentencia de 99 Años.
- Su fecha de Salida est[á] para el día 8 de septiembre del 2093.
- En este caso en particular el confinado solo cuenta con un delito para cumplir ya que no cualifica para la ley 85.

Además, el 21 de enero de 2025, el DCR emitió una Hoja de Liquidación referente a la sentencia del recurrente, en la que se incluyó el delito de asesinato como un máximo para el 30 de julio de 2098 y un mínimo para el 1 de diciembre de 2023.

A partir de lo cual, el 12 de mayo de 2025, la JLP emitió una Resolución determinando que, al recurrente haber sido convicto por secuestro, no cualificaba para el privilegio de libertad bajo palabra, por la Junta carecer de jurisdicción por virtud de la Sección 3 de la Ley Núm. 85-2024, y que el DCR

---

[3] *Íd.*, págs. 7-8, 13-14. Según detallan las sentencias, el Tribunal aceptó la alegación de culpabilidad del señor Franqui Marrero y lo sentenció a cumplir de manera concurrente como sigue: 1) Asesinato en primer grado, concurrente con IVI99G0075, IPD9960668, 0670, 0672, ILA99G0304, 0306,0308,0310,0312,0314, IDC99G0014,0016; 2) Art. 137 del C.P., concurrente con IVI9960073,0075, IPD99G0668, 0670, 0672, ILA99G0304, 0306, 0308, 0310, 0312, 0314, IDC99699014, IVI99G0030.

debería referir nuevamente el caso con posterioridad al 20 de marzo de 2054, fecha en que se extinguiría la pena impuesta por el delito de secuestro. En el mismo dictamen se incluyó la información atinente a los remedios que el recurrente tenía a su disposición de estar en desacuerdo con lo dispuesto, precisándose que era ante la propia JLP que se debía presentar algún escrito relacionado, y los términos en que hacerlo.

No contamos con información que indique que el recurrente hubiese solicitado algún remedio contra tal dictamen de la JLP. Con todo, en su *Escrito en cumplimiento de resolución*, la Oficina del Procurador General (el Procurador) en representación del DCR llamó nuestra atención a que, en junio de 2025, el recurrente instó un recurso de *mandamus* ante el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), en el que adujo que la determinación de la JLP era inconstitucional, en tanto le aplicó retroactivamente la Ley Núm. 85-2024 al considerar su caso. No obstante, el TPI desestimó dicha causa de acción, por falta de jurisdicción.

Inconforme con el dictamen del TPI, el recurrente entonces acudió ante este foro intermedio, teniendo como resultado que un Panel hermano confirmara el dictamen apelado.[4] Juzgó dicho Panel que la vía procesal correcta para revisar el dictamen de la JLP era la de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, en lugar de acudir ante el TPI.

Posteriormente, el 11 de julio de 2025, el DCR radicó otra *Certificación de delito excluyente y cumplimiento de condena concurrente (Aplicación de la Ley Núm. 85-2024)* ante la JLP.[5] En esta ocasión el DCR particularizó lo siguiente:

> [...]
>
> Se hace constar que el confinado actualmente cumple condena por un solo delito: **Asesinato en Primer Grado**, con una sentencia de **99 años de reclusión**. El delito de **Secuestro**, por

---

[4] TA2025AP00246.
[5] *Íd.*, págs. 9-10, 22-23.

el cual también fue convicto, **será extinguido en su totalidad el día 30 de julio de 2033**.

Ambas sentencias fueron determinadas como concurrentes entre sí, de acuerdo con el **pre-acuerdo firmado por el confinado el 1 de febrero de 2000**, en el Tribunal de Primera Instancia de Mayagüez, en el que se estableció que la sentencia de 99 años por Asesinato en Primer Grado sería concurrente con la sentencia de **60 años inicialmente impuesta**.

[...]

Se hace constar además que **las leyes 85-2022 y 85-2024 no le son aplicables al confinado**, por tratarse de legislaciones posteriores a los hechos por los cuales fue convicto, y que por ende **no pueden aplicarse retroactivamente**, conforme al principio de prohibición de leyes **ex post facto**.

[...]

(Énfasis en el original.)

Como respuesta, el 8 de abril de 2026, la JLP emitió una Resolución, reconociendo el contenido de esta última *Certificación* presentada por el DCR acerca del recurrente, particularmente el dato de que el delito de secuestro será cumplido el 30 de julio de 2033. No obstante, **reiteró su determinación sobre falta de jurisdicción para atender el caso, por virtud de la exclusión que sobre el delito de secuestro ordena la Sección 3 de la Ley Núm. 85-2024**, la cual también advierte que la exclusión aplicará a las personas que al momento de la aprobación de la legislación estuvieran referidos a que la JLP las considere, sin que hubiese una determinación, indistintamente la etapa procesal en que se encontraran. Una vez más, en la Resolución fueron incluidas las advertencias sobre los derechos de reconsideración y revisión judicial que acompañaban a la persona afectada por la determinación.

Nos detuvimos en las incidencias acontecidas en la JLP, y la última Resolución sobrevenida de esta, porque, en el recurso de revisión judicial ante nuestra consideración lo que el recurrente realmente pretende es revisar de forma colateral dicho dictamen, acerca de su exclusión de la libertad condicional por disposición de ley, según interpretado por quien ostenta jurisdicción para ello, la JLP, no el DCR.

En cualquier caso, el 12 de enero de 2026, el señor Franqui Marrero instó una *Solicitud de Remedio Administrativo* ante el DCR.[6] A través de esta solicitud el recurrente nuevamente pretendió impugnar la *Certificación de delito excluyente conforme a la Ley Núm: 85-2024* emitida el 15 de enero de 2025, que citáramos en párrafos anteriores. En definitiva, arguyó que la determinación del DCR lo había excluido del privilegio de libertad bajo palabra. En atención a lo cual, solicitó la corroboración de su hoja de control de liquidación de sentencia y enmienda de la determinación.

Ante lo cual, el 15 de enero de 2026, el DCR emitió una *Respuesta a Solicitud de remedio administrativo*.[7] En este documento la recurrida reiteró que la solicitud de corroboración de la hoja de control fue atendida y subrayó lo siguiente:

[…]

"Es importante que el confinado comprenda que la **facultad de evaluar y determinar su posible ingreso a la libre comunidad recae exclusivamente en la Junta**, conforme a las leyes y reglamentos vigentes, y que cualquier determinación relacionada con su salida es competencia única de dicho organismo.

[…]

(Énfasis en el original.)

No conforme con ello, el 23 de enero de 2026, presentada ante la agencia el 5 de febrero de 2026, el recurrente reiteró su inconformidad con la determinación, por lo que solicitó reconsideración.[8] En síntesis, describió la actuación de la agencia como irrazonable, pues no le aplicaba la Ley Núm. 85-2022, ni la Ley Núm. 85-2024. Exigió que se le enviara una nueva certificación a la JLBP, porque alegó que las anteriores incluían la sentencia por secuestro.

---

[6] *Íd.*, págs. 1-2. Manualmente marcada como Referencia Remedio Administrativo Número: ICSH-46-26.

[7] *Íd.*, págs. 17. Referencia Remedio Administrativo Número: ICSH-46-26.

[8] *Íd.*, págs. 18-20. Manualmente marcada como Referencia Remedio Administrativo Número: ICSH-46-26.

Con todo, el 28 de enero de 2026, el señor Franqui Marrero incoó otra *Solicitud de remedio administrativo* adicional, en la que insistió en que sus condenas eran concurrentes, por lo que se extinguían al mismo tiempo, y solicitó que fuera emitida una nueva certificación.

El 19 de febrero de 2026, el DCR acogió considerar la reconsideración.[9]

El 11 de marzo de 2026, notificada el 17 de marzo de 2026, el DCR emitió su *Resolución* en respuesta a la reconsideración. En síntesis, tuvo como propósito esta última determinación del DCR orientar al recurrente, una vez más, sobre el proceso adecuado que tenía que seguir ante una decisión adversa proveniente de la JLP. Es decir, el DCR dirigió al recurrente a presentar dentro del término legal correspondiente sus objeciones al órgano con jurisdicción para dirimir controversias sobre la concesión de la libertad bajo palabra, la JLB, o este Tribunal de Apelaciones mediante revisión judicial.

Es de la anterior determinación administrativa que recurre ante nos el señor Franqui Marrero, señalando la comisión de los siguientes errores:

**Primer error:** La división de documentos y r[é]cord nivel institucional, es el área responsable de mantener la información "correcta" y realizar c[ó]mputos y re-c[ó]mputos de las sentencias emitidas por el Tribunal manteniendo las proyecciones de salida y de calificación para Libertad Bajo palabra. Todo esto en la hoja de control sobre liquidación de sentencia.

**Segundo error:** La [C]onstitución del Estado Libre Asociado de Puerto Rico, proh[í]be la aplicación retroactiva de leyes ex post fact[o].

**Tercer error:** La Sra. Lizbeth Rodr[í]juez Serrano T[é]cnica de R[é]cord de la Institución Sabana Hoyos 216 Arecibo P.R., hizo una certificación [e]rr[ó]nea el día 15 de enero de 2025, donde me pone a cumplir una sentencia de sesenta (60) años y le deja saber a la Junta que el delito de secuestro será cumplido el día 20 de marzo de 2054, despu[é]s por segunda vez hace otra certificación [e]rr[ó]nea el día 11 de julio de 2025, donde me da una nueva fecha para extinguir el secuestro el día 30 de julio de 2033, algo que todas las sentencias son concurrentes entre s[í], siendo la mayor la que prevalecer[á] en la hoja de control sobre liquidación de sentencia o sea el asesinato en primer grado bas[á]ndose en la concurrencia.

---

[9] *Íd.*, págs. 26. Referencia Remedio Administrativo Número: ICSH-46-26.

**Cuarto error:** La certificación emitida por la Sra. Lizbeth Rodr[í]juez Serrano Técnica de R[é]cord desmenuza la sentencia emitida por el Tribunal de Primera Instancia y le exige extinguir en su totalidad el delito de secuestro para que la Junta de Libertad Bajo Palabra adquiera [j]urisdicción.

**Quinto Error:** El D.C.R. no es claro, ya que emite una certificación aplicando la ley 85-2024 y en la misma hace constar que las leyes 85-2022 y 85-2024 no le son aplicables, por tratarse de legislaciones posteriores a los hechos por los cuales fue convicto.

Según adelantamos, el DCR también compareció ante nosotros, representada por el Procurador, oponiéndose a la concesión del remedio solicitado.

## II. Exposición del derecho

### A. Revisión Judicial

La determinación del DCR es una decisión administrativa, cuya revisión se rige por la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, (LPAU), Ley 38-2017, 3 LPRA sec. 9675. La sección citada establece que, *[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obre en el expediente administrativo.* Continúan indicando que, *[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Íd.*

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69, 76 (2004). Conforme a la cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. De San Juan v. CRIM*, 178 DPR 164, 175 (2010).

A pesar de que lo anterior, lo cierto es que nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar la referida deferencia a las resoluciones finales administrativas. En específico, dicho alto foro ha reconocido que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia

sustancial; (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79 (2022); *Acarón, et al v. D.R.N.A.,* 186 DPR 564, 584 (2012)*; Costa Azul v. Comisión*, 170 DPR 847, 852 (2007).

Finalmente, en *Vázquez et al. v. DACo*, 2025 TSPR 56, nuestro Tribunal Supremo subrayó que los jueces tenemos un mandato legislativo de revisar las actuaciones administrativas, *el cual debemos cumplir cabalmente.* Luego de ello el mismo alto foro puntualizó que, aunque en reiteradas ocasiones había expresado que las conclusiones e interpretaciones de las agencias merecen gran consideración y respeto, y que su revisión judicial se limitaba a determinar si estas actuaron arbitraria o ilegalmente, no obstante, ***esto no equivale a una renuncia de nuestra función revisora***. En armonía con lo aseverado, el alto Foro concluyó que:

> ...la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. Así, enfatizamos la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, *supra*. Como corolario, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, **será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos**. No guiados por la deferencia automática a la que alude el DACo, sino que por los mecanismos interpretativos propios del Poder Judicial. *Vázquez et al. v. DACo*, supra.

## B. Junta de Libertad Bajo Palabra

El sistema de libertad bajo palabra está regulado por la Ley Núm. 118 del 22 de julio de 1974, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, 4 LPRA sec. 1501, *et seq* (Ley Núm. 118-1974). De su articulado surge que, *se permite que una persona que haya sido convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, sujeto a las condiciones que se impongan para conceder la libertad. Rivera Beltrán v. J.L.B.P.,* 169 DPR 903, 918 (2007).

El propósito de esto es hacer viable la consecución de la política pública enunciada en la Constitución del Estado Libre Asociado de Puerto Rico, a los efectos de que se propenderá al tratamiento adecuado de los convictos para

hacer posible su rehabilitación moral, social y económica. Id. *Véase,* Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico.

La Ley Núm. 118-1974 le confiere autoridad a la JLP para decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico. Artículo 3 de la Ley Núm. 118, 4 LPRA sec. 1503. No obstante, con la aprobación de la la Ley Núm. 85 de 2024, se aclaró y delimitó el alcance de la facultad de la JLP para aprobar tal beneficio. En lo que aquí concierne, el referido dispuso lo que sigue:

> [L]as personas convictas por los delitos de agresión sexual en todas sus modalidades, incluyendo la tentativa, violación, actos lascivos, sodomía, incesto, secuestro, secuestro agravado y pornografía infantil no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del acto delictivo ni el código penal o la ley especial utilizada para dictar sentencia, incluyendo los códigos penales de 1974, 2004, y 2012. Artículo 3 (a) (5) (a) de la Ley Núm. 8, *supra.*

El párrafo anterior fue introducido a la Ley Núm. 8, *supra,* mediante enmienda. Ley Núm. 85-2024. Según la Exposición de Motivos de la Ley Núm. 85-2024, la enmienda surge debido al incremento en los casos de maltrato a la mujer. Por tanto, el propósito de esta ley es excluir de la jurisdicción de la Junta, los casos de las personas convictas por los delitos de agresión sexual en todas sus modalidades, agresión sexual conyugal, violación, actos lascivos, sodomía, incesto, **secuestro**, secuestro agravado y pornografía infantil, incluyendo sus tentativas. De este modo, los convictos por este tipo de delitos no podrán beneficiarse del privilegio de libertad bajo palabra, indistintamente de la fecha de la comisión del delito. Id.

## III. Aplicación del derecho a los hechos

Los cincos señalamientos de error alzados por el recurrente versan esencialmente sobre un mismo asunto, como dijimos, pretende realmente dicha parte que revisemos un dictamen que le fue adverso, emitido por la JLP, en la que se le denegó el derecho a libertad a prueba, por causa de haber sido encontrado culpable por el delito de secuestro. Según precisamos, la JLP interpretó en sendas ocasiones que, por virtud de la Ley 85-2024, el delito de

secuestro del que el recurrente había sido encontrado culpable, le privaba de jurisdicción para considerarlo en la concesión de la libertad a prueba. De aquí que el DCR certeramente hubiese intentado orientar al recurrente, a través **de la correcta** Resolución recurrida de 11 de marzo de 2026, sobre la vía administrativa en derecho a seguir para lograr la intervención del órgano llamado a ponderar su solicitud, la JLP.

Con mayor precisión, el recurso ante nosotros trata de la reiteración de un mismo argumento que ya ha estado ante la atención del DCR, y de este Tribunal de Apelaciones, en el que se insiste en identificar como errónea la *Certificación de delito excluyente y cumplimiento de condena concurrente* emitida por el DCR, para efectos de la decisión de la JLP de denegarle considerar su caso por razón de la culpabilidad por el delito de secuestro. Es decir, el recurrente le imputa el error del rechazo a la extensión del derecho a la libertad a prueba, al contenido de la referida *Certificación*, antes que a la interpretación que en dos ocasiones ha hecho la JLP sobre lo dicho en el referido documento. En recta lectura de lo ocurrido, ha sido la JLP la que, en función de los poderes que le confiere su ley habilitadora, ha interpretado que el recurrente no cualifica para el derecho que aspira se le conceda, para lo cual también aquilató el argumento sobre la aplicación retroactiva de la Ley 85 2020-2024 a la sentencia del recurrente.

Es decir, parece escapar a la atención del recurrente, (sobre esto quiso orientarle el DCR a través de la *Resolución* recurrida), que fue la propia JLP la que interpretó que el señor Franqui Marrero no cualificaba para el privilegio de libertad bajo palabra, por dicho órgano carecer de jurisdicción, al seguir el mandato expreso de la la Sección 3 de la Ley Núm. 85-2024, según aquí citada. Tal cual lo plasmamos en la exposición de derecho, no hay duda de que la JLBP es la entidad con jurisdicción para determinar si una persona confinada en una institución penal resulta elegible para la extensión del beneficio de reintegración comunitaria mientras extingue su sentencia.

En definitiva, los errores señalados por el recurrente no fueron cometidos, de modo que procede *Confirmar*.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, *Confirmamos* la determinación recurrida.

El Secretario del Departamento de Corrección y Rehabilitación deberá entregar copia de esta determinación al señor Franqui Marrero, en cualquier institución donde se encuentre.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones